UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| HITACHI AUTOMOTIVE SYSTEMS AMERICAS, INC., | ) ) ) | |
| Plaintiff, | ) ) | Case No. 5:18-cv-438-JMH-MAS |
| v. | ) ) | **MEMORANDUM OPINION** |
| TI AUTOMOTIVE LIGONIER CORPORATION, | ) ) ) | **AND ORDER** |
| Defendant. | ) ) | |

\*\*\*

The parties filed a motion captioned as a joint motion for adjournment of scheduling order. [DE 35]. Still, the parties' motion does not request that the deadlines in the scheduling order be continued generally. Instead, the motion requests a thirty-day extension of the remaining dates and deadlines in the scheduling order.[1] As such, the parties' motion is most appropriately construed as a motion to amend the scheduling order.

Here, good cause exists to allow the requested amendments to the scheduling order. As a result, the parties' joint motion [DE 35], properly construed as a motion to amend the scheduling order, is **GRANTED IN PART** and **DENIED IN PART** because the Court must adjust some of the proposed deadlines in the parties' motion.

---

[1] The Court previously granted the parties' request to extend the deadline for completion of fact discovery. [DE 32].

First, the parties have stated that they continue to work toward a resolution of all issues in this action and a similar case before the Court, 5:19-cv-184-JMH. As such, the limited extensions requested in the motion will allow the parties to continue to work toward a resolution of all remaining disputes in this action outside of court.

Second, the amendments to the scheduling order are limited in time and will help reserve the resources of the Court and the parties. Ultimately, if the parties can reach an agreement as to the remaining disputes outside of this Court, it will negate the need for the parties to engage in additional discovery or preparation for hearings. Additionally, a settlement of some or all the remaining disputes will conserve the Court's resources by eliminating the need for additional proceedings or limiting the issues to be tried at trial.

Third, and finally, the parties agree about amending the scheduling order. The joint motion eliminates concerns about prejudice to one of the parties as a result of extending the deadlines in the scheduling order.

In sum, good cause exists to grant the joint motion to amend the remaining dates and deadlines in the scheduling order. Accordingly, **IT IS ORDERED** as follows:

(1) The parties' joint motion [DE 35], construed as a motion to amend the scheduling order, is **GRANTED IN PART** and **DENIED IN PART**;

(2) The parties shall complete all discovery, including fact and opinion discovery, on or before **August 2, 2019**;

(3) Dispositive motions must be filed by the parties on or before **August 16, 2019**;

(4) That all motions in limine, including those made pursuant to *Daubert v. Merrell Dow Pharm, Inc.*, 509 U.S. 579 (1993), be filed no later than **August 26, 2019**;

(5) The final pretrial conference, currently scheduled for Monday, September 16, 2019, at 11:00 a.m., is **CONTINUED until Monday, October 21, 2019, at 10:30 a.m.**, at the United States Courthouse in Lexington, Kentucky, subject to intervening orders of the Court;

(6) The jury trial, currently scheduled for Tuesday, October 15, 2019, at 9:00 a.m., is **CONTINUED until Tuesday, November 19, 2019, at 9:00 a.m.**, at the United States Courthouse in Lexington, Kentucky, subject to intervening orders of the Court; and

(7) This order has no impact on any other dates, deadlines, or instructions in the Court's previous scheduling order [DE 29].

This the 27th day of June, 2019.



Signed By:
*Joseph M. Hood*
**Senior U.S. District Judge**